**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| G.W. LISK COMPANY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GITS MANUFACTURING COMPANY,<br><br>Defendant. | Civil Action No. 4:17-cv-273 |

**PLAINTIFF G.W. LISK COMPANY, INC.'S BRIEF IN OPPOSITION TO GITS'**
**REQUEST TO EXTEND THE STAY PENDING A DECISION OF**
**THE COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

## TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................... 1

II.    BACKGROUND ..................................................................................................... 2

III.   LEGAL STANDARD............................................................................................. 3

IV.   ARGUMENT .......................................................................................................... 4

     A.     The Stage Of The Case Disfavors Extending The Stay ........................................ 4

     B.     Extending The Stay Will Not Simplify The Case.................................................. 5

     C.     Lisk Would Be Further Prejudiced By Extending The Stay................................. 8

     D.     Extending The Stay Will Not Reduce The Burden Of Litigation On The
          Court Or The Parties .......................................................................................... 11

V.    CONCLUSION.................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acqis, LLC v. EMC Corp.*,
No. 14-CV-13560, 2016 WL 4250245 (D. Mass. Aug. 10, 2016) .......................................... 10

*Acumed LLC v. Stryker Corp.*,
551 F.3d 1323 (Fed. Cir. 2008)............................................................................................... 9

*Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*,
No. 10-CV-02863, 2011 WL 3267768 (N.D. Cal. July 28, 2011)............................................ 8

*Boston Sci. Corp. v. Cordis Corp.*,
777 F. Supp. 2d 783 (D. Del. 2011)......................................................................................... 9

*Boston Scientific Corp. v. Edwards Lifesciences Corp.*,
No. 16-CV-00730, Dkt. No. 127 (C.D. Cal., Nov. 15, 2018).................................................... 7

*Broad. Innovation, L.L.C. v. Charter Commc'n, Inc.*,
No. 03-CV-2223, 2006 WL 1897165 (D. Colo. July 11, 2006) .............................................. 11

*Cobalt Boats, LLC v. Sea Ray Boats, Inc.*,
No. 2:15-CV-21, 2017 WL 11463823 (E.D. Va. Mar. 20, 2017)............................................ 10

*CRST Expedited, Inc. v. Swift Transportation Co. of Arizona, LLC*,
No. 17-CV-25-CJW, 2018 WL 3966961 (N.D. Iowa Aug. 17, 2018)....................................... 4

*Drone Technologies, Inc. v. Parrot SA et al.*,
No. 2:14-CV-00111, Dkt. No. 125 (W.D. Pa. Nov. 19, 2014) ................................................ 10

*Intellectual Property Consultants, Inc. v. Fujifilm Holdings Corp.*,
2009 WL 192457 (D. Del. 2009)............................................................................................. 9

*J&S RDT Archery, Inc. et al v. Bear Archery, Inc.*,
No. 16-CV-00009, Dkt. No. 31 (S.D. Iowa Aug. 3, 2016)....................................................... 4

*Karma, Inc. v. Allied Mach. & Eng'g Corp.*,
No. 4:10-CV-568, Dkt. No. 31 (S.D. Iowa Sep. 20, 2011)................................................... 4, 8

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)................................................................................................................. 3

*LG Elecs., Inc. v. Toshiba Samsung Storage Tech. Korea Corp.*,
No. 12-CV-1063, 2015 WL 8674901 (D. Del. Dec. 11, 2015) .................................................4

*Lund Motion Products, Inc. v. T-Max (Hangzhou) Technology Co., Ltd. et al.*,
No. 17-cv-01914, Dkt. No. 75 (C.D. Cal. May 13, 2020) ..................................................*5, 7, 8*

*Milwaukee Elec. Tool Corp. v. Hilti, Inc.*,
No. 14-CV-1288, 2016 WL 7495808 (E.D. Wis. Dec. 30, 2016) ............................................8

*Murata Mach. USA v. Daifuku Co.*,
830 F.3d 1357 (Fed. Cir. 2016).............................................................................................4

*Network-1 Sec. Sols., Inc. v. Alcatel-Lucent USA Inc.*,
No. 6:11-CV-492, 2015 WL 11439060 (E.D. Tex. Jan. 5, 2015) ............................................8

*Oyster Optics, LLC v. Ciena Corp.*,
No. 17-CV-05920-JSW, 2019 WL 4729468 (N.D. Cal. Sept.23, 2019) ..............................*3, 6*

*Pers. Audio LLC v. Google, Inc.*,
230 F. Supp. 3d 623 (E.D. Tex. 2017).....................................................................................9

*Sioux Steel Co. v. Prairie Land Millwright Servs., Inc.*,
No. 16-CV-2212, Dkt. No. 118 (N.D. Ill. July 11, 2018)..........................................................8

**Statutes**

35 U.S.C. § 315(e)(2)...............................................................................................................5

35 U.S.C. § 316(a)(11)..............................................................................................................7

## I.     INTRODUCTION

This case has been pending for more than four years and has been stayed for thirty-one months as a result of Gits's efforts to invalidate Lisk's patent claims through *inter partes* reviews ("IPR") before the Patent Trial and Appeal Board ("PTAB").  The PTAB concluded its review of Lisk's patent claims and issued final written decisions confirming the validity of nine patent claims.  Lisk is ready to move forward with those nine patent claims in this litigation, and the stay should be lifted to allow the litigation to proceed.

The Court stayed this action pending resolution of the IPRs because the PTAB's decision could simplify issues for trial.  This objective has been realized.  Nine asserted claims have been confirmed valid in the IPR proceedings; Gits is estopped from pursuing invalidity arguments it raised or could have raised before the PTAB; and the Court and the parties have the benefit of the PTAB's guidance.

A further stay of this action will prejudice Lisk.  Lisk filed this action over four years ago but has not been heard on the merits of its claims.  Lisk and Gits are direct competitors, and the harm Lisk is suffering in the marketplace is not readily compensable by money damages.  Lisk's patent is expiring in November 2021.  Important evidence can grow stale or be lost as a result of further delay.  The stay should be lifted to prevent further prejudice to Lisk.

Gits' only argument for extending the stay is that there is a *chance* something could change as a result of the pending appeals before the Federal Circuit.  The mere possibility that something could change as a result of the Federal Circuit's decision is too speculative to warrant further extending the stay.  Courts routinely recognize that even where a stay pending IPR proceedings was initially appropriate, it is not appropriate to extend the stay through appeals.  Given the age of this case, the minimal potential for further simplification, and the substantial undue prejudice that

Lisk will endure if the stay is extended, Lisk respectfully requests that the Court lift the stay so the case can proceed.

## II.     BACKGROUND

Lisk filed this case on July 15, 2016, alleging infringement of U.S. Patent No. 6,601,821. Dkt. No. 1.  Shortly after, the parties entered settlement discussions that proved unsuccessful. Dkt. Nos. 7 and 10.  On July 20, 2017, the parties agreed to transfer the case from the U.S. District Court for the Western District of New York to this Court.  Dkt. No. 14.  Pursuant to the Court's scheduling order (Dkt. No. 31), the parties exchanged infringement, non-infringement, and invalidity contentions; proposed terms for claim construction; and proposed constructions with extrinsic evidence.

After waiting until just before the one-year deadline to petition the PTAB for *inter partes* review of the '821 patent, Gits filed two IPR petitions on August 31, 2017.  Dkt. No. 33.  On October 19, 2017, Gits moved this Court to stay the litigation pending the PTAB's institution decisions.  *Id.*  The Court denied Gits' motion, noting that Gits' nearly eleven-month wait in filing its IPR petitions "can adversely affect a district court's view of a request for a stay." Dkt. No. 40 at 7 (citations omitted).

On March 19, 2018, the PTAB instituted review of both petitions.  Dkt. No. 48.  In light of the PTAB's institution decisions, the parties agreed to stay the case because "the decision by the PTAB on validity will simplify the issues at trial in this matter."  *Id.*  The Court granted the unopposed motion to stay "pending resolution of inter partes review by the Patent Trial and Appeal Board." Dkt. No. 49.

The PTAB issued two Final Written Decisions ("FWDs") on March 18, 2019 confirming the validity of nine patent claims (claims 6-11, 14-15, 19).  Dkt. No. 50.  The IPRs have now

2

been resolved by the PTAB's FWDs on the merits of the challenged claims.  Lisk intends to assert the nine surviving claims in this case.  *Id.*

The parties appealed the FWDs to the U.S. Court of Appeals for the Federal Circuit.  Dkt. No. 57.  Lisk contends the PTAB erred in determining that claims 1-5, 12-13, 16-18, and 20-22 are invalid.  Gits disputes the PTAB's construction of a single claim term and contends the PTAB erred in determining that claims 6-11, 14-15, and 19 are not unpatentable.

In accordance with the Court's June 13, 2019 Order (Dkt. No. 53), the parties submitted a joint status report to the Court on March 2, 2020, updating the Court on the status of the IPRs and related appeals.  Dkt. No. 57.  The Court thereafter issued an Order continuing the stay.  Dkt. No. 58.  Shortly after filing their March 2, 2020 status report and while the appeals were pending, the parties participated in the Federal Circuit Mediation Program beginning with an in-person mediation session with the mediator on March 9, 2020 and continuing their negotiations through the mediator by telephone thereafter between March and June.  Dkt. No. 64.  The mediation was not successful.  Dkt. No. 64.  In October 2020, the principles for the parties had another settlement discussion that, again, was unsuccessful in resolving the case.

## III.   LEGAL STANDARD

District courts have the inherent power to manage their dockets and stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).  But a stay is not automatic, and "the existence of a stay, on its own, does not justify its perpetuation."  *Oyster Optics, LLC v. Ciena Corp.*, No. 17-CV-05920-JSW, 2019 WL 4729468, at *2 (N.D. Cal. Sept. 23, 2019).  To determine whether a stay is warranted, courts consider:

> (1) whether discovery is complete, and whether a trial date has been set; (2) whether a stay of litigation will simplify the issues and facilitate the trial; (3) whether a stay would unduly prejudice

3

or present a clear tactical disadvantage to the non-moving party;
and (4) the burden of litigation of the court and the parties.

*Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016).  Importantly, these factors are not exclusive, and the Court must consider the totality of the circumstances.  Dkt. No. 40 at 4.

For courts in this district, "the philosophy is to keep cases moving and avoid stagnation on the docket" because courts are "reluctant to stay proceedings indefinitely." *J&S RDT Archery, Inc. et al v. Bear Archery, Inc.*, No. 16-CV-00009, Dkt. No. 31 at 6 (S.D. Iowa Aug. 3, 2016). The party seeking a stay bears the burden to show that a stay is appropriate.  *CRST Expedited, Inc. v. Swift Transportation Co. of Arizona, LLC*, No. 17-CV-25-CJW, 2018 WL 3966961, at *3 (N.D. Iowa Aug. 17, 2018).  Where, as here, the movant fails to specify an end date for the requested stay, courts "treat the instant motion as one for an *indefinite stay*."  *Karma, Inc. v. Allied Mach. & Eng'g Corp.*, No. 4:10-CV-568, Dkt. No. 31 at 3 (S.D. Iowa Sep. 20, 2011) (emphasis added).

## IV.   ARGUMENT

All four factors favor lifting the stay, and many other district courts have lifted stays under similar circumstances.

### A.     The Stage Of The Case Disfavors Extending The Stay.

This Court assesses the stage of the case by not only the parties' progress in discovery, but also the overall age of the case.  Dkt. No. 40 at 5 (observing that, at the time, this case was "approximately eighteen months old" in analyzing factor one).  *See also LG Elecs., Inc. v. Toshiba Samsung Storage Tech. Korea Corp.*, No. 12-CV-1063, 2015 WL 8674901, at *4 (D. Del. Dec. 11, 2015) (noting that although little discovery was done, viewed in terms of the pendency of the action, "the case is not in its early stages at all. The case was filed…over three years ago.").

This case is more than four years old.  Lisk filed its complaint in July 2016, and the case was transferred to this Court in July 2017.  Dkt. Nos. 1 and 14.  Although discovery remains to be completed, the parties have already exchanged infringement, non-infringement, and invalidity contentions; proposed terms for claim construction; and proposed claim constructions with extrinsic evidence.  Moreover, the parties have engaged in some motion practice as well as complex proceedings before the PTAB.[1]  *See Lund Motion Products, Inc. v. T-Max (Hangzhou) Technology Co., Ltd. et al.*, No. 17-cv-01914, Dkt. No. 75 at 4 (C.D. Cal. May 13, 2020) (lifting stay in a three-year old case where "[g]iven the time that has passed and the resources the parties have expended" in motion practice and PTAB proceedings, "it would be a mistake to characterize this case as one that is still in its early stages.").  Since the stay has been in effect, the stage of the litigation has remained the same.  But the nine confirmed patent claims are ripe for adjudication *now* given the PTAB's rejection of Gits' invalidity arguments.  Gits should not be permitted to further delay this case by prolonging the stay indefinitely.  The overall stage of the case weighs against extending the stay.

### B.      Extending The Stay Will Not Simplify The Case.

Extending the stay will not further simplify the issues or facilitate trial.  In assessing Gits' initial motion to stay, this Court previously found that a stay may be justified if the PTO grants review because "after the PTO issues a final written decision…, the petitioner may not in a civil action argue 'the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review.'" Dkt. No. 40 at 8 (citing 35 U.S.C. § 315(e)(2)).  Consistent with the Court's guidance, the parties agreed to stay the case only when the PTAB instituted the

---

[1] *See* Dkt. No. 11, Gits' Motion to Dismiss for Improper Venue (opening brief filed before the parties stipulated to transfer the case to this Court); Dkt. No. 32, Gits' Motion to Stay Litigation Pending *Inter Partes* Review (fully briefed and ultimately denied); Dkt. No. 48, Unresisted Motion to Stay.

petitions for review because "the *decision by the PTAB* on validity will simplify the issues at trial in this matter." Dkt. No. 48 (emphasis added).  As a result, the Court granted the unopposed motion to stay "pending resolution of inter partes review by the Patent Trial and Appeal Board." Dkt. No. 49.

The PTAB has since issued its FWDs.  Dkt. No. 50.  Nine asserted claims were confirmed valid during the IPR proceedings, and Gits is now estopped from pursuing invalidity arguments that it raised or could have raised before the PTAB.  *Id.*  Therefore, the purpose of the stay has been fulfilled.

The possibility that the Federal Circuit would invalidate additional patent claims, thereby simplifying the issues in this proceeding, is speculative at best.  The court's reasoning in *Oyster Optics, LLC v. Ciena Corp.* is instructive.  *Oyster* was stayed after the defendant filed several IPR petitions challenging the validity of eighty asserted claims.  *Oyster Optics,* No. 17-CV-05920, 2019 WL 4729468, at *1.  The PTAB found certain claims unpatentable and confirmed the validity of other claims.  *Id.*  The court lifted the stay despite the defendant's pending appeal at the Federal Circuit, explaining:

> Staying a case until the PTAB issues a final written decision ("FWD") on an IPR is often desirable because of the likelihood that this "expert panel" will bring its wisdom to bear on often highly technical and idiosyncratic issues. However, by the time the Federal Circuit reviews an appeal of an FWD, the patent claims at issue have undergone an adversarial process concerning their validity. In other words, all things being equal, the prospect for simplification of patent matters in a case wanes greatly after the PTAB has issued its FWD.

*Id* at 3.

This observation is consistent with historic indicators of the disposition of appeals arising from the U.S. Patent and Trademark Office ("PTO").  Since 2008, the Federal Circuit has affirmed the PTO's decision outright approximately 80% of the time.  *See* Federal Circuit Statistics Update–

6

September 2020, PATENTLYO, https://patentlyo.com/patent/2020/09/federal-statistics-september.html (last visited October 21, 2020).  This year's statistic is the same.  Courts attribute this trend to the deferential "abuse of discretion" standard the Federal Circuit applies when reviewing PTAB appeals. *See, e.g., Lund Motion Products,* No. 17-cv-01914, Dkt. No. 75 at 5-6. Thus, the mere possibility that the Federal Circuit's decision will have any effect on simplifying this litigation is too speculative to justify continuing a stay.  And if the Federal Circuit renders a decision affecting this case, the Court is more than capable of adjusting the scope of the case appropriately. *Id.*

Moreover, the timing of the Federal Circuit's decision is uncertain.  Gits surmises that "the appeal should be decided within a few months."  Dkt. No. 66, Motion at 10.  But unlike the PTAB, which is statutorily time-bound to issue decisions (pursuant to 35 U.S.C. § 316(a)(11)), the Federal Circuit can resolve the parties' appeals at any time.  To date, the Federal Circuit has neither scheduled oral arguments nor indicated when its decision will issue.  Therefore, extending the stay would leave the parties waiting for an unknown duration for the Federal Circuit to affirm, reverse, modify, or remand the PTAB decision.  Depending upon the Federal Circuit's decision, the PTAB may need to take additional action or the parties may seek to exhaust their appellate remedies, which could further delay this case if the stay is not lifted now. *See Boston Scientific Corp. v. Edwards Lifesciences Corp*., No. 16-CV-00730, Dkt. No. 127 at 5 (C.D. Cal., Nov. 15, 2018) ("Waiting for a decision from the Federal Circuit subjects the present action to the indefinite timeline of the appeal process in exchange for an uncertain or unlikely possibility of further simplification.").  Whether the Federal Circuit affirms, reverses, or affirms-in-part the Board's FWDs, complexity, not simplification, is the likely result. *Sioux Steel Co. v. Prairie Land*

*Millwright Servs., Inc.*, No. 16-CV-2212, Dkt. No. 118 at 5 (N.D. Ill. July 11, 2018). This factor weighs heavily against extending the stay.

### C.    Lisk Would Be Further Prejudiced By Extending The Stay.

If a stay will unduly prejudice or present a clear tactical disadvantage to the party opposing the stay, this factor weighs against the stay. Dkt. No. 40 at 6. Courts repeatedly recognize patent owners' interest in timely enforcing their patent rights. *See Network-1 Sec. Sols., Inc. v. Alcatel-Lucent USA Inc.*, No. 6:11-CV-492, 2015 WL 11439060, at *5 (E.D. Tex. Jan. 5, 2015); *Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*, No. 10-CV-02863, 2011 WL 3267768, at *5 (N.D. Cal. July 28, 2011); *Milwaukee Elec. Tool Corp. v. Hilti, Inc.*, No. 14-CV-1288, 2016 WL 7495808, at *2 (E.D. Wis. Dec. 30, 2016). Where parties invoke the power of the court, "the Court expects them to prosecute their claims in a timely manner." *Karma*, No. 4:10-CV-568, Dkt. No. 31 at 4. Lisk filed this action more than four years ago but has not been heard on the merits of its claims. The undue prejudice to Lisk's rights caused by further delay far outweighs any benefit of extending the stay.

In originally refusing to stay the case, this Court found that the parties "would be required to wait in a kind of limbo" while "a potentially valid patent could be infringed." Dkt. No. 40 at 6-7 (citations omitted). This risk was too great and weighed in favor of denying the motion to stay. *Id.* Today, the prejudice to Lisk that the Court contemplated will worsen if the stay persists.

First, the '821 patent will expire November 2021. Constraining Lisk to litigate an expired patent would create an unfair tactical disadvantage. *Lund Motion Products*, No. 17-cv-01914, Dkt. No. 75 at 6 ("Subjecting Plaintiff to this additional delay would cause undue prejudice, especially because the patents at issue are set to expire in 2021."); *St. Clair*

8

*Intellectual Property Consultants, Inc. v. Fujifilm Holdings Corp.*, 2009 WL 192457, *2 (D. Del. 2009) (denying motion to stay because plaintiff "is likely to face evidentiary obstacles and the prospect of litigating an expired or nearly-expired patent.").

Second, Gits ignores the parties' relationships as direct competitors.  Gits continues to sell the accused products today, in direct competition with Lisk.  Infringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages.  *Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1327–28 (Fed. Cir. 2008). *See also Boston Sci. Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 789 (D. Del. 2011) ("Courts are generally reluctant to stay proceedings where the parties are direct competitors.").

Third, important evidence can grow stale or be lost as a result of further delay. Unfortunately, the recent passing of a Lisk employee and potential witness, Mr. Gary Garcia, serves as a reminder that this risk is real.  Mr. Garcia, a technical leader and quality engineer at Lisk, was a party to numerous potentially relevant interactions from 2003 to 2012 between Lisk, Gits, and Gits' customer for the products at issue.  Given the relevance of his recollections to the case, Lisk identified Mr. Garcia in its initial disclosures. Ex. A, Plaintiff's Amended Initial Disclosures, at 2.  As one court acknowledged, "[l]ife is uncertain; experts and lawyers change professions, retire, and die." *Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 627–28 (E.D. Tex. 2017) (granting motion to lift stay).  Any additional delay could further jeopardize the evidence in this case.

Finally, Lisk has a right to a final determination of its claims in a timely manner. Extending a stay would frustrate Lisk's statutory right to exclude as the patent owner.  Contrary to Gits' suggestion, monetary relief would not fully compensate Lisk for a stay because "a delay

in justice is not quantifiable." *Drone Technologies, Inc. v. Parrot SA et al.*, No. 2:14-CV-00111,

Dkt. No. 125 at 6 (W.D. Pa. Nov. 19, 2014).

Gits' attempts to blame Lisk for any delay ring hollow in light of this Court's observation

of Gits' eleven-month wait in filing its IPR petitions. *See* Dkt. No. 40 at 7 (noting that Gits' near

eleven-month delay "can adversely affect a district court's view of a request for a stay")

(citations omitted). At all times in this case, Lisk has timely enforced its patent rights, sought

relief of its claims, and attempted to resolve this dispute:

- Soon after learning that Gits was selling its infringing products, Lisk offered Gits the opportunity to resolve the dispute without legal action. Dkt. No. 37 at 4. Discussions were not fruitful, and Lisk immediately pursued legal action.

- After Lisk filed the complaint, the parties engaged in good-faith, but ultimately unsuccessful, settlement discussions over the course of one year. Dkt. Nos. 7 and 10.

- In 2018, Lisk successfully resisted Gits' efforts to prematurely stay this case. Dkt. No. 40 at 1.

- In 2020, Lisk participated in the Federal Circuit Mediation Program. Dkt. No. 64. When a resolution appeared unlikely, Lisk sought to lift the stay. *Id.*

- Most recently, in October 2020, the principles for the parties had another discussion about settlement that, again, was unsuccessful in resolving the case.

Gits' effort to extend the stay is yet another dilatory scheme. The parties sought to stay

the case pending resolution of the IPRs. Dkt. No. 48 at 2. The Court agreed, staying "all

deadlines pending resolution of inter partes review by the Patent Trial and Appeal Board." Dkt.

No. 49. Neither the parties' motion nor the Court's order contemplated delaying the case

through appeal. While the stay was previously extended, since that time, Lisk has twice

participated in settlement discussions that have not resulted in meaningful progress towards

resolution and appear to have been part of a larger pattern of delay by Gits. Courts have found

10

that a party may be engaging in dilatory tactics by seeking to extend a stay from the completion of an IPR to the completion of an appeal. *See Cobalt Boats, LLC v. Sea Ray Boats*, *Inc*., No. 2:15-CV-21, 2017 WL 11463823, at *5 (E.D. Va. Mar. 20, 2017); *Acqis, LLC v. EMC Corp.*, No. 14-CV-13560, 2016 WL 4250245, at *3 (D. Mass. Aug. 10, 2016). The undue prejudice to Lisk weighs heavily against extending the stay.

### D.     Extending The Stay Will Not Reduce The Burden Of Litigation On The Court Or The Parties.

The "burden of litigation" factor is related to the "simplification of issues" factor. *See Broad. Innovation, L.L.C. v. Charter Commc'n, Inc*., No. 03-CV-2223, 2006 WL 1897165, at *4 (D. Colo. July 11, 2006) (noting that courts generally merge the two inquiries). Because extending the stay is unlikely to simplify the issues in the case, it will likely not reduce the overall burden on the court and the parties.

As discussed above, the simplification the Court contemplated in staying the case was achieved when the PTAB issued its FWDs. There are no issues pending before the PTAB. Extending the stay would force the parties to wait indefinitely for the *potential* of additional streamlining that may never come. Moreover, this case can proceed with little involvement from the Court in the short-term. The parties can resume discovery and can readily shift if the Federal Circuit's decision changes the scope of the case.

The parties' most recent settlement discussions made clear that the parties remain far apart, and as a result, the prospect of settlement is extremely unlikely until the litigation reaches key milestones. Extending the stay will not change that reality, so the litigation should proceed on the merits.

## V.      CONCLUSION

The IPRs are complete.  The purpose of the Court's stay has been satisfied, and it should

now be lifted.  Lisk is prepared to continue litigating the parties' dispute before this Court.  For

the foregoing reasons, the Court should lift the stay.


Dated: October 30, 2020                              Respectfully submitted,


                                                     _/s/ Jason C. White_____
                                                     Erika N.D. Stanat (*pro hac vice*)
                                                     Jessica N. Clemente (*pro hac vice*)
                                                     HARTER SECREST & EMERY LLP
                                                     1600 Bausch & Lomb Place
                                                     Rochester, NY 14604-2711
                                                     Telephone: (585) 232-6500
                                                     Facsimile: (585) 231-1161
                                                     Email: estanat@hselaw.com
                                                            jclemente@hselaw.com

                                                     Espnola F. Cartmill
                                                     BELIN MCCORMICK, P.C.
                                                     666 Walnut Street, Suite 2000
                                                     Des Moines, IA 50309-3899
                                                     Telephone: (515) 283-4674
                                                     Facsimile: (515) 558-0674
                                                     Email: efcartmill@belinmccormick.com

                                                     Jason C. White (*pro hac vice*)
                                                     MORGAN LEWIS & BOCKIUS
                                                     77 W. Wacker Drive, Suite 500
                                                     Chicago, IL 60601
                                                     Telephone: (321) 324-1000
                                                     Email: jason.white@morganlewis.com

                                                     ATTORNEYS FOR PLAINTIFF